Eastern District of Kentucky
FILED

SEP 1 9 2008

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| FASTENAL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 06-61-ART |
| | ) | |
| v. | ) | |
| | ) | **JURY INSTRUCTIONS** |
| GREG CRAWFORD, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Now that you have heard all of the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case. It is your duty as jurors to follow the law as I shall state it to you, and to the facts as you shall find them from the evidence. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole.

These instructions will be in three parts: first, some general rules that define and control your duties as jurors; second, some general rules that should govern your deliberations; and third, the rules of law that you must apply in deciding whether the plaintiff has proved his case. A copy of these instructions will be available for you in the jury room.

## PART I - GENERAL RULES CONCERNING JURORS' DUTIES

### INSTRUCTION NO. 1

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

In deciding the facts of this case, you must not be swayed by bias, prejudice, or favor as to any party. Our system of law does not permit jurors to be governed by prejudice, sympathy, or public opinion. Both parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

2

## INSTRUCTION NO. 2

As stated earlier, it is your duty to determine the facts, and in so doing you must consider only the evidence that I have admitted in the case. The evidence from which you are to decide what the facts are consists of: (1) the sworn testimony of the witnesses, here in Court or by deposition, both on direct and cross examination, regardless of whom called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the parties have agreed or stipulated to or that have been judicially noticed. Nothing else is evidence.

Remember that any statements, objections, or arguments made by the lawyers are not evidence in the case. Testimony that I instructed you to disregard is not evidence. Nor is anything you may have seen or heard when the Court was not in session evidence. The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing, to call your attention to certain facts or inferences that might otherwise escape your notice.

In the final analysis, however, it is your own recollections and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

So while you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

3

## INSTRUCTION NO. 3

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

4

**INSTRUCTION NO. 4**

Now, I have said that you must consider all of the evidence. That does not mean, however, that you must accept all of the evidence as true or accurate.

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witnesses, or by the manner in which the witness testifies, or by the character of the testimony given, or by the evidence to the contrary of the testimony given.

You should carefully scrutinize all of the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, and state of mind, and demeanor or manner while on the witness stand. Consider the witness' ability to observe the matters on which he or she has testified, and whether he or she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent mis-recollection, like the failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each such witness such weight,

5

if any, as you may think it deserves. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a large number of witnesses to the contrary.

All of these are matters for you to consider in deciding the facts.

6

## INSTRUCTION NO. 5

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness has said or has done something, or has failed to say or do something, which is inconsistent with the witness' present testimony.

If you believe that any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you may think it deserves.

### INSTRUCTION NO. 6

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses–something the witness has seen, felt, touched, heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

8

## INSTRUCTION NO. 7

In addition to the testimony given in this case and other items of evidence introduced, you may draw such "inferences" from the facts that are reasonable and seem justified in light of your experience. "Inferences" are deductions or conclusions that reason and common sense lead you to draw from the facts established by the evidence in the case.

9

**INSTRUCTION NO. 8**

The burden is on the Plaintiff in a civil action to prove every essential element of his claim by a "preponderance of the evidence." However, with respect to Plaintiff's claim for fraud, the Plaintiff must prove every element by clear and convincing evidence.

A preponderance of the evidence means such evidence as, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that what is sought to be proved is more likely true than not true. In other words, to establish a claim by a "preponderance of the evidence" means to prove that the claim is more likely so than not so. This standard does not require proof to an absolute certainty, since such proof is seldom possible in any case. In determining whether any fact in issue has been proved by a preponderance of the evidence, the jury may consider the testimony of all the witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have produced them. If the proof should fail to establish an essential element of the Plaintiff's claim by a preponderance of the evidence, the jury should find for the Defendant as to that claim.

Clear and convincing evidence is evidence that produces in your mind a firm belief or conviction that the allegations sought to be proved by the evidence are true. Clear and convincing evidence involves a higher degree of persuasion than is necessary to meet the preponderance of the evidence standard. But it does not require proof beyond a reasonable doubt, the standard applied in criminal cases.

10

## PART II - GENERAL RULES CONCERNING JURY DELIBERATIONS

### INSTRUCTION NO. 10

Your verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. In other words, your verdict must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for yourself, but only after an impartial consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion if you are convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Remember at all times you are not partisans. You are judges — judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

## INSTRUCTION NO. 11

Upon retiring to the jury room, the first order of business should be the selection of a foreperson who will preside over your deliberations and speak for you here in Court. Verdict forms have been prepared for your convenience.

The verdict forms contain a series of questions called "interrogatories." You must answer them in writing, starting with the first question. All jurors must agree to the answer to each question before moving on to the next question.

You will take the verdict form to the jury room along with a copy of these instructions and when you have reached unanimous agreement as to your verdict, you will have the foreperson fill it in, date and sign it, and then return to the courtroom.

If during your deliberations, you should desire to communicate with the Court, please reduce your message or question to writing, signed by the foreperson, and pass the note to the Marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. I caution you, however, with regard to any message or question you might send, that you should never state or specify your verdict or tell anyone that you are split 6-2 or 5-3, or whatever your vote happens to be. That should stay secret until you are finished.

13

## INSTRUCTION NO. 12

Remember that you must make your decision based only on the evidence that you saw and heard here in court. Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading, or investigation about the case, such as getting on the Internet to find out more about the case, and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in Court.

14

## INSTRUCTION NO. 13

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You must decide for yourselves if the Plaintiff has proven its case.

15

**PART III - RULES OF LAW**

**INSTRUCTION NO. 14**

<u>CONVERSION</u>

Eastern District of Kentucky
FILED

SEP 1 9 2008

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Fastenal Company claims damages from the defendants for conversion of its personal property. To establish this claim, Fastenal Company has the burden of proving the following:

First, that Fastenal Company owned the personal property; and

Second, that the Defendants intentionally took or exercised dominion or control over the personal property in violation of Fastenal Company's rights.

Reviewing the evidence pertaining to each Defendant separately, if you find from the evidence in this case that each of these propositions has been proven regarding a particular Defendant, then your verdict should be for Fastenal Company against that Defendant on the conversion claim; but if, on the other hand, you find that these propositions have not been proven as to any Defendant, then your verdict should be for that Defendant as to the conversion claim.

With respect to each Defendant, please state whether you are satisfied from the evidence that the Defendant converted the personal property of Fastenal Company (if you are not so satisfied, answer NO).



**Defendant Greg Crawford**   YES ✓   NO ____   _____ #29
Foreperson

**Defendant Todd R. Robinson**   YES ✓   NO ____   _____ #29
Foreperson

**Defendant Eric Miller**   YES ✓   NO ____   _____ #29
Foreperson

**Defendant Tri-State Industrial Supply, Inc.**   YES ✓   NO ____   _____ #29
Foreperson

**Defendant Stewart Ashton, Jr.**   YES ____   NO ✓   _____ #29
Foreperson

**Defendant New River Energy Resources, Ltd.**   YES ____   NO ✓   _____ #29
Foreperson

(If your answer as to all Defendants is NO, disregard **Instruction Numbers 24 and 25**).

Go to the next Instruction.

17

# INSTRUCTION NO. 15

## TRADE SECRETS

A trade secret is defined as information, including a formula, pattern, compilation, program device, method, technique, or process that derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.  To find that Plaintiff's information was a trade secret you must find by a preponderance of the evidence that the information was not generally known to the public or to other persons who could obtain economic value from its disclosure or use.

A.      "Independent economic value" as used in these instructions means financial worth which, when compared to other methods or processes publicly known to those in the same or similar businesses or scientific community, give the holder of the method or processes a competitive advantage over others.

B.      The owner of a trade secret enjoys the protection of the law against those who properly gain access to the information under contract or other relationship of trust and confidence but then disclose it or use it beyond their authorization under the contract or other confidential relationship.  Thus, the protection to a trade secret owner is against breach of faith and unauthorized use of the secret.  One who receives trade secret information in a confidential relationship may be under a duty not to disclose or use the information.  This duty may arise as part of an express or implied agreement between the parties.

C.      An employee has a duty not to reveal or use confidential information developed by

18

his or her employer if the information is a trade secret which gives the employer a competitive advantage, if it was disclosed to the employee in confidence and if it would be unjust under the circumstances to permit the employee to disclose or use the information. This is so even if there is no written agreement between the employer and employee. When an employee's employment has terminated the employee may not take confidential information developed by his employer but may take general skills and knowledge acquired during his tenure with the former employer. Any actions of the employee will be imputed to a new employer.

D. Misappropriation of trade secrets can occur in different ways. One way in which misappropriation of a trade secret can occur is through disclosure or use of a trade secret of another without express or implied consent by a person who at the time of disclosure or use knew or had reason to know that his knowledge of the trade secret was acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use. Another way in which misappropriation of a trade secret can occur is through disclosure or use of a trade secret of another without express or implied consent by a person who at the time of the disclosure or use knew or had reason to know that his knowledge of the trade secret was derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use. In order to find that a particular Defendant misappropriated the Plaintiff's trade secret you must find each of the following elements by a preponderance of the evidence: (1) that a trade secret exists, (2) that the trade secret was acquired through a confidential relationship, and (3) that the Defendant used the trade secret without authorization from the Plaintiff.

E. Improper means is defined as theft, bribery, misrepresentation, breach or inducement of a breach of duty to maintain secrecy or espionage through electronic or other means.

19

With respect to each Defendant, please state whether you are satisfied from the evidence that the Defendant misappropriated a trade secret of the Plaintiff's.



| Defendant Greg Crawford | YES ✓ | NO ___ |
| Defendant Todd R. Robinson | YES ✓ | NO ___ |
| Defendant Eric Miller | YES ✓ | NO ___ |
| Defendant Tri-State Industrial Supply, Inc. | YES ___ | NO ✓ |

(If your answer as to all Defendants is NO, disregard **Instruction Number 26**).

PROCEED TO THE NEXT INSTRUCTION.

20

## INSTRUCTION NO. 16

### BREACH OF CONTRACT – ELEMENTS

The Plaintiff has sued the Defendants Greg Crawford, Todd R. Robinson, and Eric Miller for breach of contract. The elements of an action for breach of contract are:

1. Existence of a contract between the Plaintiff and a particular Defendant.

2. Performance by the Plaintiff.

3. A particular Defendant's failure to perform.

4. Resulting damage to the Plaintiff.

PROCEED TO THE NEXT INSTRUCTION.

21

## INSTRUCTION NO. 17

<u>BREACH OF CONTRACT – CONFIDENTIALITY & SYSTEM USE ACKNOWLEDGMENT</u>

The Plaintiff alleges that the Defendant Greg Crawford engaged in breach of contract by violating the Confidentiality and System Use Acknowledgment.  In order to find that Mr. Crawford breached the Confidentiality and System Use Acknowledgment, you must first find that he entered into such an agreement.

Set forth below whether you find that Mr. Crawford breached the Confidentiality and System Use Acknowledgment.

**Defendant Greg Crawford**        YES $\checkmark$    NO _____    _____
                                                              Foreperson

(If your answer as to Mr. Crawford is NO, disregard **Instruction Number 27**).

PROCEED TO THE NEXT INSTRUCTION.

## INSTRUCTION NO. 18

### BREACH OF CONTRACT – SETTLEMENT AGREEMENT

The Plaintiff alleges that the Defendants Greg Crawford, Todd Robinson, and Eric Miller

entered into a settlement agreement on January 6, 2006, in which the Defendants agreed to return

the goods identified on the January 4, 2006, invoice and to not engage in a competing business in

exchange for Fastenal's agreement not to pursue criminal charges that evening.  These Defendants

deny that they entered into such an agreement.

Set forth for each of the listed Defendants whether you find that the Defendant entered into

the settlement agreement and breached that agreement.



**Defendant Greg Crawford**      YES __✓__   NO _____                                    #29
                                                                        Foreperson

**Defendant Todd R. Robinson**   YES __✓__   NO _____                                    #29
                                                                        Foreperson

**Defendant Eric Miller**        YES __✓__   NO _____                                    #29
                                                                        Foreperson

(If your answer as to all Defendants is NO, disregard **Instruction Number 28**).

PROCEED TO THE NEXT INSTRUCTION.

23

## INSTRUCTION NO. 19

### BREACH OF FIDUCIARY DUTIES and DUTY OF LOYALTY

The Plaintiff claims that Defendants Greg Crawford, Todd R. Robinson, and Eric Miller breached their fiduciary duty to Fastenal Company.

An employee has a duty to his employer to act in good faith and in the employer's best interests during the period of the employment. A fiduciary owes his employer undivided and unqualified loyalty and may not act in any manner contrary to the interest of the employer. A person acting in a fiduciary capacity is required to make truthful and complete disclosures to those to whom a fiduciary duty is owed and the fiduciary is forbidden to obtain an improper advantage at the other's expense.

This requires that, while employed, the employee must exert his best efforts on behalf of the company and not compete with it or profit at its expense, or place his private interests in conflict with its interests. An employee does not breach his fiduciary duties by telling clients that he is thinking of leaving and going into a new business. Although an employee may make preparations to compete with his employer while still working for the employer, he may not do so at the employer's expense, on the employer's time, and may not use the employer's resources, time, facilities, or confidential information. This obligation exists whether or not the employee has signed an agreement not to compete with the employer.

Fastenal Company claims that Defendants Greg Crawford, Todd R. Robinson, and Eric Miller did not act in good faith or in the best interests of Fastenal Company when they, during the course of their employment, engaged in the scheme to sell to themselves Fastenal product at a substantially discounted price which was intended to be used by them in their competing business.

24

If you find that Defendants did breach their duty to Fastenal Company, you must decide whether that breach was a substantial factor in causing Fastenal Company to sustain damages. If you find that it was not a substantial factor in causing Fastenal Company to sustain damages, move on to **Instruction Number 20**.

Do you find that Defendants Greg Crawford, Todd R. Robinson, or Eric Miller breached their fiduciary duties and/or duty of loyalty to Fastenal Company and that the breach was a substantial factor in causing Fastenal Company to sustain damages?



| | | |
|---|---|---|
| **Defendant Greg Crawford** | YES ✓ NO ___ | Foreperson  #29 |
| **Defendant Todd R. Robinson** | YES ✓ NO ___ | Foreperson  #29 |
| **Defendant Eric Miller** | YES ✓ NO ___ | Foreperson  #29 |

(If you answered NO as to all Defendants, then disregard **Instruction Numbers 29 and 30**.)

PROCEED TO THE NEXT INSTRUCTION.

## INSTRUCTION NO: 20

### CIVIL CONSPIRACY

For the Plaintiff to recover from the Defendants on its claim of civil conspiracy, you must find that all of the following have been proven by a preponderance of the evidence:

1. Any two or more of the Defendants agreed, by words or conduct, to accomplish an unlawful goal or accomplish a goal through unlawful means;

2. One or more unlawful acts were performed to accomplish this goal or one or more acts were performed to accomplish the unlawful goal;

3. Plaintiff sustained damages;

4. Plaintiff's damages were caused by the acts performed to accomplish the goal.

If you find that all of these statements have been proven as to any two or more of the Defendants, then your verdict on the issue of civil conspiracy must be for the Plaintiff as to those Defendants participating in the civil conspiracy. However, if you find that these statements have not been proven as to any two Defendants, then your verdict on the issue of civil conspiracy must be for the Defendants.

Because of the clandestine nature of a conspiracy, proof that a conspiracy existed may be proved by inference and circumstantial evidence concerning the character of the acts done, the relation of the parties and other facts and circumstances suggestive of a concerted action.

Every member of a conspiracy is liable for the acts of every other member, because the law considers each member of the conspiracy to be an agent of the other members. Therefore, any Defendant who participates in a civil conspiracy is liable for the damages sustained by the Plaintiff as a result of the conspiracy, regardless of whether the Defendant profited from the conspiracy. All Defendants involved in the conspiracy are jointly and severally liable for the damages sustained by

the Plaintiff as a result of the conspiracy.

The Plaintiff has alleged a civil conspiracy. One may be in a conspiracy and subsequently withdraw. Withdrawal is a defense to a civil conspiracy claim. Any Defendant who withdrew from the conspiracy cannot be held liable for damages occurring after they withdrew.

By designating YES or NO for each listed Defendant, please indicate whether you find that they participated in a civil conspiracy.

**Defendant Greg Crawford**　　YES ✓　NO ____　　　　[redacted] #29
　　　　　　　　　　　　　　　　　　　　　　　　　Foreperson

**Defendant Todd R. Robinson**　YES ✓　NO ____　　　[redacted] #29
　　　　　　　　　　　　　　　　　　　　　　　　　Foreperson

**Defendant Eric Miller**　　　YES ✓　NO ____　　　[redacted] #29
　　　　　　　　　　　　　　　　　　　　　　　　　Foreperson

**Defendant Tri-State Industrial Supply, Inc.**　YES ✓　NO ____　　[redacted] #29
　　　　　　　　　　　　　　　　　　　　　　　　　Foreperson

**Defendant Stewart Ashton, Jr.**　YES ✓　NO ____　　[redacted] #29
　　　　　　　　　　　　　　　　　　　　　　　　　Foreperson

**Defendant New River Energy Resources, Ltd.**　YES ✓　NO ____　　[redacted] #29
　　　　　　　　　　　　　　　　　　　　　　　　　Foreperson

(If your answer as to all Defendants is NO, then disregard **Instruction Numbers 31 and 32.**)

PROCEED TO THE NEXT INSTRUCTION.

27

## INSTRUCTION NO. 21

### FRAUD - Elements

For the Plaintiff to recover from any one or more of the Defendants on its claim of fraud, you must find all of the following in either Section I or Section II have been proven by clear and convincing evidence.

**Section I**

    (1)

        a.      The Defendant made a material misrepresentation,

        b.      That representation was false, and

        c.      The Defendant knew it was false or made it with reckless disregard of its truth or falsity.

    (2)    The Defendant induced the Plaintiff to act upon the misrepresentation,

    (3)    Plaintiff did rely upon the misrepresentation

    (4)    The misrepresentation caused injury to Plaintiff.

**OR**

**Section II**

    (1)

        a.      The Defendant and the Plaintiff were in a fiduciary relationship such as an employment relationship;

        b.      The Defendant communicated some facts, but not all material facts, knowing that they would create a false impression in the mind of the Plaintiff; and

        c.      The Defendant knew that by his own unclear or deceptive words or

28

conduct that he created a false impression of the actual facts in the mind of the Plaintiff.

(2) The Defendant induced the Plaintiff to act upon the misrepresentation,

(3) Plaintiff did rely upon the misrepresentation

(4) The misrepresentation caused injury to Plaintiff.

If you find that all of the statements in either Section I or Section II have been proven as to any one or more of the Defendants, then your verdict must be for the Plaintiff on the issue of fraud as to that Defendant.  However, if you find that any one or more of these statements has not been proven as to a particular Defendant, then your verdict on the issue of fraud must be for that Defendant.

Did Plaintiff prove fraud by clear and convincing evidence as laid out in Section I above?

**Defendant Greg Crawford**    YES ✓   NO _____    ████████████  #29
                                                        Foreperson

**Defendant Todd R. Robinson**    YES ✓   NO _____    ████████████  #29
                                                        Foreperson

**Defendant Eric Miller**    YES ✓   NO _____    ████████████  #29
                                                        Foreperson

**Defendant Tri-State Industrial Supply, Inc.**    YES ✓   NO _____    ████████████  #29
                                                        Foreperson

**Defendant Stewart Ashton, Jr.**    YES ✓   NO _____    ████████████  #29
                                                        Foreperson

**Defendant New River Energy Resources, Ltd.**    YES ✓   NO _____    ████████████  #29
                                                        Foreperson

29

Did Plaintiff prove fraud by clear and convincing evidence as laid out in Section II above?

**Defendant Greg Crawford**      YES____   NO ____   _____
                                                                          Foreperson

**Defendant Todd R. Robinson**   YES____   NO____   _____
                                                                          Foreperson

**Defendant Eric Miller**        YES____   NO____   _____
                                                                          Foreperson


(If your answer as to all Defendants is NO, then disregard **Instruction Numbers 33 and 34**.)


PROCEED TO THE NEXT INSTRUCTION.

30

## INSTRUCTION NO. 22

### PUNITIVE DAMAGES

If you find for the Plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages is to punish a Defendant and to deter similar acts in the future. Punitive damages may not be awarded to compensate a plaintiff.

The Plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the Defendant's conduct that harmed the Plaintiff was fraudulent, malicious, oppressive or in reckless disregard of the Plaintiff's rights. Conduct is in reckless disregard of the Plaintiff's rights if, under the circumstances, it reflects complete indifference to the Plaintiff's safety or rights, or if the Defendant acts in the face of a perceived risk that its actions will violate the Plaintiff's rights under federal law. An act or omission is oppressive if the Defendant injures or damages or otherwise violates the rights of the Plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power by the taking advantage of some weakness or disability or misfortune of the Plaintiff.

In determining the amount, if any, of punitive damages, you shall consider the following factors:

    (a) The likelihood at the relevant time that serious harm would arise from the Defendant's misconduct;

    (b) The degree of the Defendant's awareness of that likelihood;

    (c) The profitability of the misconduct to the Defendant;

    (d) The duration of the misconduct and any concealment of it by the Defendant; and

31

(e) Any actions by the Defendant to remedy the misconduct once it became known to the Defendant.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purpose but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the Defendant's conduct including whether the conduct that harmed the Plaintiff was particularly reprehensible because it also caused harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the Defendant for harm to anyone other than the Plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any harm inflicted on the Plaintiff.

You may impose punitive damages against one or more of the Defendants and not to others, and may award different amounts against different Defendants.

PROCEED TO THE NEXT INSTRUCTION.

32

## INSTRUCTION NO. 23

### DAMAGES – MITIGATION

The Plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages. However, the Plaintiff is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages.

The Defendants have the burden of proving by a preponderance of the evidence:

1.    That the Plaintiff failed to use reasonable efforts to mitigate damages; and

2.    The amount by which damages would have been mitigated.

PROCEED TO THE NEXT INSTRUCTION.

**INSTRUCTION NO. 24**

CONVERSION - General Damages

If you found in **Instruction Number 14** that any one or more of the Defendants converted the property of the Plaintiff, then an award for compensatory damages will be entered against that Defendant based on the following. The measure of compensatory damages for the conversion of personal property is the value of the property as of the date of the conversion.

Using this measure of damages, set forth the amount of compensatory damages for the conversion of Fastenal's personal property.

$ 124,000.00 _____

_____ #29
Foreperson

34

As to each of the Defendants whom you found to have converted Fastenal's property under **Instruction Number 14**, state the percentage of fault to which you believe each such Defendant contributed to the damages you found above. The amount must total 100%.

**Greg Crawford**          _16_ %          _____ #29
                                                    Foreperson

**Todd Robinson**          _16_ %          _____ #29
                                                    Foreperson

**Eric Miller**            _16_ %          _____ #29
                                                    Foreperson

**Tri-State
Industrial Supply, Inc.** _52_ %          _____ #29

                                                    Foreperson

**Stewart Ashton, Jr.**    _0_ %           _____ #29
                                                    Foreperson

**New River Energy
Resources, Ltd.**          _0_ %           _____ #29
                                                    Foreperson

PROCEED TO THE NEXT INSTRUCTION.

35

## INSTRUCTION NO. 25

### CONVERSION - Punitive Damages

If you found in favor of the Plaintiff under **Instruction Number 14**, and you are further satisfied from the evidence that, in converting Plaintiff's personal property, any one or more of the Defendants acted toward the Plaintiff with oppression, fraud, or malice or in reckless disregard of the Plaintiff's rights as set forth in **Instruction Number 22**, then you may in your discretion award punitive damages against one or more of the Defendants in addition to the damages awarded under the previous Instruction.

As to each of the Defendants separately listed below, if you find that punitive damages should be awarded as set forth above, then set forth across from that Defendant's name the amount you award against that Defendant for punitive damages.

36



Defendant Greg Crawford          $ _____   _____ #29
                                             Foreperson

Defendant Todd R. Robinson       $ _____   _____ #29
                                             Foreperson

Defendant Eric Miller            $ _____   _____ #29
                                             Foreperson

Defendant Tri-State
Industrial Supply, Inc.          $ _____   _____ #29
                                             Foreperson

Defendant Stewart Ashton, Jr.    $ _____   _____ #29
                                             Foreperson

Defendant New River Energy
Resources, Ltd.                  $ _____   _____ #29
                                             Foreperson


PROCEED TO THE NEXT INSTRUCTION.

## INSTRUCTION NO. 26

### TRADE SECRET DAMAGES

Damages for misappropriation of trade secrets may be calculated by (1) any unlawful gains, profits, or benefits by the Defendants, (2) the value to the Plaintiff of any of the Plaintiff's confidential information taken by the Defendants, or (3) a reasonable royalty for improper use of the trade secret.

If you found under **Instruction Number 15** that any of the Defendants misappropriated the Plaintiff's trade secrets, set forth the amount of damages you find, if any, from the evidence in this case, which were caused by the Defendants' misappropriation of Plaintiff's trade secrets.

$ _80,000 60_       _████████████_ #29
                                             Foreperson

As to each of the Defendants whom you found to have misappropriated Fastenal's trade secrets under **Instruction Number 15**, state the percentage of fault to which you believe each such Defendant contributed to the damages you found above.  The amount must total 100%.

**Greg Crawford**    _50_ %      _████████████_ #29
                                      Foreperson

**Todd Robinson**    _25_ %      _████████████_ #29
                                      Foreperson

**Eric Miller**    _25_ %      _████████████_ #29
                                      Foreperson

PROCEED TO THE NEXT INSTRUCTION.

38

## INSTRUCTION NO. 27

### DAMAGES FOR VIOLATION OF CONFIDENTIALITY AND SYSTEM USE

### ACKNOWLEDGMENT AGREEMENT

Damages recoverable for breach of contract are those that are the natural and proximate consequences of the breach, and those that may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made.

If you found for the Plaintiff against Mr. Crawford under **Instruction Number 17** regarding breach of the Confidentiality and System Use Acknowledgment, set forth the amount of damages you find, if any, based upon the evidence, to have been caused by Mr. Crawford's breach of contract.

**Greg Crawford:**     $2,000.⁰⁰                                    Foreperson      #29

PROCEED TO THE NEXT INSTRUCTION.

## INSTRUCTION NO. 28

### DAMAGES FOR BREACH OF SETTLEMENT AGREEMENT

Damages recoverable for breach of contract are those that are the natural and proximate consequences of the breach, and those that may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made.

If you found under **Instruction Number 18** that any of the Defendants listed in that instruction entered into a Settlement Agreement, then as to each Defendant whom you found to have entered into such an agreement, set forth across from that Defendant's name the amount of compensatory damages that the Plaintiff suffered as a result of breach of that Settlement Agreement.

**Greg Crawford:**      $ ___0___      ████████████  #29
                                                    Foreperson

**Todd R. Robinson:**   $ ___0___      ████████████  #29
                                                    Foreperson

**Eric Miller:**        $ ___0___      ████████████  #29
                                                    Foreperson

PROCEED TO THE NEXT INSTRUCTION.

40

INSTRUCTION NO. 29

BREACH OF FIDUCIARY DUTY - Actual Damages

The Plaintiff has the burden of proving by a preponderance of the evidence the nature and extent of its damages caused by the Defendants' breach of fiduciary duties and/or breach of the duty of loyalty.

If you found under **Instruction Number 19** in favor of Plaintiff on its claim for breach of fiduciary duties and/or breach of the duty of loyalty as against any of the Defendants listed in that Instruction, you must determine the total dollar amount of Plaintiff's damages, if any, that were caused by the breach.

In determining such damages, you shall consider the following:

1.     Any noneconomic losses or injuries which Fastenal has had or will probably have in the future;

2.     Any economic losses which Fastenal has had or will probably have in the future including:

    (a) Anything of value or any profit the Defendants received as a result of the breach of fiduciary duty

    (b) Any loss of the Fastenal's property or assets caused by the breach of the fiduciary duty.

    (c) Any loss of profits or income which Fastenal could reasonably have expected to earn had the fiduciary duty not been breached.

41

Using the criteria listed above, set forth the total dollar amount of Plaintiff's damages as to each Defendant for breach of fiduciary duty and/or the breach of the duty of loyalty.

Greg Crawford:      $ ___0___                    ████████████████   #29
                                                 Foreperson

Todd R. Robinson:   $ ___0___                    ████████████████   #29
                                                 Foreperson

Eric Miller:        $ ___0___                    ████████████████   #29
                                                 Foreperson

PROCEED TO THE NEXT INSTRUCTION.

**INSTRUCTION NO. 30**

<u>BREACH OF FIDUCIARY DUTIES - Punitive Damages</u>

If you find in favor of the Plaintiff on its claim of breach of fiduciary duties and/or breach of the duty of loyalty as to any one or more of the Defendants, and you are further satisfied from the evidence that in the Defendant's act of breaching those fiduciary duties and/or duties of loyalty, any one or more of the Defendants acted toward the Plaintiff with oppression, fraud, malice, or in reckless disregard of Plaintiff's rights you may in your discretion award punitive damages against that Defendant in addition to the damages awarded under **Instruction Number 29**.

In determining the amount, if any, of punitive damages you shall consider the factors set forth in **Instruction Number 22**.

As to each of the Defendants separately listed below, if you find that punitive damages should be awarded as set forth above, then set forth across from that Defendant's name the amount you award against that Defendant for punitive damages.

| | | | |
|---|---|---|---|
| **Defendant Greg Crawford** | $ 0 | ▮▮▮▮▮▮ | #29 |
| | | Foreperson | |
| **Defendant Todd R. Robinson** | $ 0 | ▮▮▮▮▮▮ | #29 |
| | | Foreperson | |
| **Defendant Eric Miller** | $ 0 | ▮▮▮▮▮▮ | #29 |
| | | Foreperson | |

PROCEED TO THE NEXT INSTRUCTION.

43

## INSTRUCTION NO. 31

### CIVIL CONSPIRACY - Specific Charge on Damages

In regard to damages under a claim of civil conspiracy, the injured party may recover the damages that flow from the conspiracy.  The Plaintiff is entitled to recover only such damages as naturally and proximately result from the wrongful act or acts done in pursuance of the conspiracy and which directly result from it.  The elements of actual damage that may be awarded are any damage or injury done to the profession, business or occupation of the person, any loss of business, and any loss of profits resulting from the conspiracy.

As to any and all Defendants whom you found to have been involved in a civil conspiracy in **Instruction Number 20,** set forth the total amount of damages caused by the civil conspiracy.  The Defendants shall be jointly and severally liable for these damages.

$ _100,000_ ω                    ~~███████████████~~  #29
                                        Foreperson

PROCEED TO THE NEXT INSTRUCTION.

44

**INSTRUCTION NO. 32**

<u>CIVIL CONSPIRACY - Punitive Damages</u>

If you find in favor of Plaintiff on its claim of civil conspiracy, and you are further satisfied from the evidence that, by participating in the civil conspiracy, any one or more of the Defendants acted toward the Plaintiff with oppression, fraud, malice, or in reckless disregard to the rights of Plaintiff, you may in your discretion award punitive damages against any one or more of the Defendants in addition to the damages awarded under **Instruction Number 31**.

In determining the amount, if any, of punitive damages you shall consider the factors set forth in **Instruction Number 22**.

As to any and all Defendants whom you found to have been involved in a civil conspiracy in **Instruction Number 20**, set forth the total amount of punitive damages against that Defendant that should be awarded across from that Defendant's name.

| | | |
|---|---|---|
| **Defendant Greg Crawford** | $ 30,000 | Foreperson   #29 |
| **Defendant Todd R. Robinson** | $ 15,000 | Foreperson   #29 |
| **Defendant Eric Miller** | $ 15,000 | Foreperson   #29 |
| **Defendant Tri-State Industrial Supply, Inc.** | $ 30,000 | Foreperson   #29 |
| **Defendant Stewart Ashton, Jr.** | $ 10,000 | Foreperson   #29 |
| **Defendant New River Energy Resources, Ltd.** | $ 0 | Foreperson   #29 |

PROCEED TO THE NEXT INSTRUCTION.

45

**INSTRUCTION NO. 33**

FRAUD - Actual Damages

If you find in favor of the Plaintiff on its claim of fraud as to any one of the Defendants, you must determine the total dollar amount of Plaintiff's damages, if any, that were caused by that Defendant's fraud.

In determining these damages, you shall consider the following.

1. The difference between the amount Defendants paid for the property they took from the Plaintiff as a result of fraud, and the actual market value of the property which would have been paid to the Plaintiff had there been no fraud involved.

2. The customers and future business lost by the Plaintiff as a proximate result of the Defendants' false representation, concealment, or non-disclosure.

Set forth below the amount of actual and consequential damages which the Plaintiff sustained as a result of the Defendants' fraud.

$ ___0_____        ████████████████  #29
                              Foreperson

46

As to each of the Defendants whom you found to have committed fraud under **Instruction Number 21**, state the percentage of fault to which you believe each such Defendant contributed to the damages you found above.  The amount must total 100%.

**Greg Crawford**          _____ 0 _____ %          _____ #29
                                                    Foreperson

**Todd Robinson**          _____ 0 _____ %          _____ #29
                                                    Foreperson

**Eric Miller**            _____ 0 _____ %          _____ #29
                                                    Foreperson

**Tri-State Industrial
Supply, Inc.**             _____ 0 _____ %          _____ #29
                                                    Foreperson

**Stewart Ashton, Jr.**    _____ 0 _____ %          _____ #29
                                                    Foreperson

**New River Energy
Resources, Ltd.**          _____ 0 _____ %          _____ #29
                                                    Foreperson


PROCEED TO THE NEXT INSTRUCTION.

47

## INSTRUCTION NO. 34

### FRAUD - Punitive Damages

If you find in favor of the Plaintiff on its claim of fraud, and you are further satisfied from the evidence that, by participating in the civil conspiracy, any one or more of the Defendants acted toward the Plaintiff with oppression, fraud, or malice, you may in your discretion award punitive damages against any one or more of the Defendants in addition to the damages awarded under **Instruction Number 33**.

In determining the amount, if any, of punitive damages you shall consider the factors set forth in **Instruction Number 22**.

As to each of the Defendants separately listed below, if you find that punitive damages should be awarded as set forth above, then set forth across from that Defendant's name the amount you award against that Defendant for punitive damages.

**Defendant Greg Crawford** $ 30,000 ᵃ�’ _____ #29
Foreperson

**Defendant Todd R. Robinson** $ 15,000 ᵃ�’ _____ #29
Foreperson

**Defendant Eric Miller** $ 15,000 ᵃ�’ _____ #29
Foreperson

**Defendant Tri-State Industrial Supply, Inc.** $ 30,000 ᵃ�’ _____ #29
Foreperson

**Defendant Stewart Ashton, Jr.** $ 10,000 ᵃ�’ _____ #29
Foreperson

**Defendant New River Energy Resources, Ltd.** $ 0 _____ #29
Foreperson

NOTIFY THE BAILIFF THAT YOU HAVE REACHED A VERDICT.