ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND
CIVIL ACTION NO. 06-cv-00061-HRW

FASTENAL COMPANY,                                                  PLAINTIFF,

vs.      **PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANTS,
GREG CRAWFORD, TODD ROBINSON, ERIC MILLER,
AND TRI-STATE INDUSTRIAL SUPPLY'S MOTION FOR
JUDGMENT AS A MATTER OF LAW, FOR JUDGMENT
NOTWITHSTANDING THE VERDICT, FOR A NEW TRIAL,
AND/OR REMITTITUR**

GREG CRAWFORD, ET AL.                                 DEFENDANTS.

Comes now the Plaintiff, Fastenal Company ("Fastenal"), by and through counsel, and for its Supplemental Response to the Defendants, Greg Crawford, Todd Robinson, Eric Miller, and Tri-State Industrial Supply's (collectively referred to as "Tri-State Defendants") Motion for Judgment as a Matter of Law, for Judgment Notwithstanding the Verdict, for a New Trial, and/or Remittitur [Docket Nos. 163 and 164], states as follows:

Plaintiff adopts and reiterates the arguments contained in its original Response as if fully set forth herein.

The Tri-State Defendants' claim that Plaintiff presented insufficient evidence to support its claim for breach of the settlement agreement between Plaintiff and the individual Tri-State Defendants, Greg Crawford, Todd, Robinson, and Eric Miller, should also be overruled because the Defendants subsequently ratified this agreement. "Ratification of a contract implies the giving of consent to, or the sanctioning of, the terms of it." Hofgesang v. Silver, 23 S.W.2d 945, 947 (Ky. 1930). It may be either express or implied, and is a question of fact. Id. Ratification

1

"conforms an otherwise voidable contract into one that is valid and enforceable" and "is confirmation after conduct." Murphy v. Jackson National Life Ins. Co., 83 S.W.3d 663, 668 (Mo.App. 2002).

In Stewart v. Mitchell's Adm'x, 190 S.W.2d 660 (Ky. 1945), the former Kentucky Court of Appeals noted that:

> [I]t is an established principle of law that where one with knowledge of material facts accepts or retains the benefits of the efforts or acts of another acting for him, he is deemed to have ratified the methods employed for he may not, though innocent himself, receive the benefits and at the same time disclaim responsibility for the measures by which they were acquired.

Id. at 662.

Other jurisdictions are in accord with this principle. The Georgia Court of Appeals has recognized that "[a] presumption of ratification can arise from slight acts of confirmation, or from mere silence or acquiescence, or where the principle receives and holds the fruits of the agent." Governor's Towne Club v. Caffrey Construction Co., 614 S.E.2d 892, 894-95 (Ga.App. 2005). The South Dakota Supreme Court has also recognized that:

> Implied ratification by conduct may occur when a party fails to disaffirm a contract over a period of time. Such a failure to act may, by itself, ripen into a ratification, especially if rescission would result in prejudice to the other party.

Durkee v. Van Well, 654 N.W.2d 807, 813-14 (S.D. 2002).

Even if this Court determines that there was no "meeting of the minds" or that all of the elements of the contract were not met on Friday night, the contract was ratified and, therefore, became retroactive to the date of the original agreement by accepting the benefits of the bargain. That is, the individual Tri-State Defendants accepted the benefit of Fastenal not going through with pursuing criminal charges. Rob Chase testified that Fastenal lost the right to proceed

2

with criminal charges by not pursing them that night and entering into the "civil agreement." Moreover, Eric Miller was specifically asked at trial if he had received the benefit of the bargain - not being criminally prosecuted - even if no agreement was made, and he admitted that he had. By accepting the benefits of this bargain, the individual Defendants have all ratified the original Friday night agreement. Fastenal has clearly demonstrated prejudice—giving up its right to have the Defendants criminally prosecuted, along with the Defendants' continued operation of their competing business, which was initiated at Fastenal's expense—that has resulted from the Defendants' acceptance and retention of these benefits. As such, the jury's verdict on the breach of settlement agreement should not be disturbed.

The Tri-State Defendants also argue that the verdict on the breach of settlement agreement claim should not stand, because Fastenal will now seek to enforce the agreement against them. However, should Fastenal seek enforcement of the agreement, this Court certainly has the ability to "blue pencil" the agreement and revise the terms as it sees fit. Even if the Court find the terms of the verbal agreement to be overbroad and unenforceable, the Court may exercise its equitable power to revise the agreement to include a reasonable time period and reasonable territorial limit. See Hammons v. Big Sandy Claims Service, Inc., 576 S.W.2d 313, 315 (Ky.App. 1978) ("Where the covenant as originally drawn has been found too broad, courts have had no difficulty in restricting it to its proper sphere and enforcing it only to that extent.") (Quoting Williston on Contracts and Ceresia v. Mitchell, 242 S.W. 2d 359 (Ky. 1951)).

**WHEREFORE,** Plaintiff Fastenal Company respectfully requests this Court to overrule the Defendants, Greg Crawford, Todd Robinson, Eric Miller, and Tri-State Industrial Supply's Motion for Judgment as a Matter of Law, for Judgment Notwithstanding the Verdict, for a New Trial, and/or Remittitur, and for any and all other relief to which it may be entitled.

Respectfully Submitted,

/s/ Keri E. Lucas
Gregory L. Monge
Leigh Gross Latherow
Keri E. Lucas
**VanANTWERP, MONGE,**
**JONES, EDWARDS & McCANN, LLP**
1554 Winchester Avenue - Fifth Floor
P.O. Box 1111
Ashland, KY 41105-1111
(606) 329-2929, (606) 329-0490 fax
ATTORNEYS FOR PLAINTIFF
FASTENAL COMPANY

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 16, 2008, I electronically filed the foregoing with the clerk of court by using the CM/ECF system, which will send a notice of electronic filing to the following: Hon. Michael S. Endicott and Hon. Sharon E. Rowsey.

/s/ Keri E. Lucas
COUNSEL FOR PLAINTIFF FASTENAL COMPANY